UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DUSTIN FELBER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:20-cv-698-SNLJ |
| DR. UNKNOWN DOYLE and CORIZON, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Dustin Felber, an inmate at the Eastern Reception Diagnostic and Correctional Center ("ERDCC"), for leave to commence this civil action without payment of the required filing fee. (ECF No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $36.27. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will allow plaintiff the opportunity to submit an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed *in forma pauperis*, plaintiff has submitted a copy of his certified inmate account statement. (ECF No. 10). A review of plaintiff's account indicates an average monthly deposit of $181.33 and an average monthly balance of $32.22. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $36.27, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that a court must accept factual allegations in the complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

2

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, an inmate at ERDCC, brings this action under 42 U.S.C. § 1983. Named as defendants are Corizon and dentist Dr. Unknown Doyle. Plaintiff brings his claim against Dr. Doyle in his individual capacity only.

Plaintiff states his claim against the defendants as follows:

Sinus exsposer [sic], months of pain, and medication that was recalled, Zantac, Ranitidine HCL, still have med card exp 10 2020. Oct 15, 2018, it happen. Dental office it happen due too [sic] lack of looking at x-ray shattered face. Face pain, infection, sinus exsposer [sic], couldn't eat for months on and off.

2 surgeries broken bones in face. Lack of professonilism [sic] and work ethic. Wouldn't see me for a month. Until finally I seen a dental person and my sinus cavity was hanging out the hole of my mouth and running a temperature of 101.

> I've filed a lack of due process also. This is dental and medical malpractice and negligence. I've received 2 surgeries. The first one here at the prison it [sic] jailed and ripped out all my stiches [sic] from lack of professionalism cause I was not put on liquid diet and had to chew my food. An[d] was giving me Ibprofen [sic] when I have Hep[a]titis C. Then my next surgery was in Jefferson City, Mo at Jeff [illegible]. It when [sic] fine. The first one I was kept in the Ad Seg Unit, so I didn't get no type of medical treatment. An[d] was denied any medication.
>
> I was denied medical attention for a month because was told nothing was wrong. After first surgery was denied medical attention and was placed in Ad-seg unit. No liquid diet or check ups. Ripped out all my sticks [sic] cause I had to eat something. Then stopped eating again cause of infection. Then once I finally seen them Dr. Simmons refused another surgery. An[d] put me on medication cause of infection. After then I wrote for the Dr. they put me in infirmary until infection was gone. Had second surgery, went straight to infirmary for 2 or 3 weeks with pain meds. Like I was supose [sic] to and on a liquid diet and insures [sic].

(ECF No. 1 at 4, 5).

For relief, plaintiff seeks $250,000 for pain and $25,000 "for Dr. Doyle due to lack of professionalism." (ECF No. 1 at 6).

On June 8, 2020, plaintiff filed a supplement to his complaint to include the following attachments: (1) Missouri Department of Corrections Medical Lay-In Restrictions from April 2019 to July 2019, permitting him access to an ice pack; (2) a handwritten document, titled "Witnesses to Pain and Surgery;" (3) Inmate Grievance Appeal, dated March 16, 2020; (4) Offender Grievance Appeal, dated February 11, 2020; and (5) handwritten notes regarding his grievances. (ECF No. 7).

**Discussion**

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983. He alleges his constitutional rights were violated in relation to his post-surgery treatment

4

and for sinus exposure. Having thoroughly reviewed and liberally construed plaintiff's complaint, and for the reasons discussed below, the Court will permit plaintiff to amend his complaint.

Corizon is a private entity that contracts with the Missouri Department of Corrections to provide healthcare services to inmates. A corporation acting under color of state law, such as Corizon, cannot be liable on a *respondeat superior* theory. *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support such a claim, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983").

"Policy" refers to an "official policy, a deliberate choice of a guiding principle or procedure made by the . . . official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face . . . a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

In order to establish a claim of liability based on an unconstitutional "custom," plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the . . . entity's employees;

5

      2) Deliberate indifference to or tacit authorization of such conduct by the . . . entity's policymaking officials after notice to the officials of that misconduct; and

      3) That plaintiff was injured by acts pursuant to the . . . entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*See Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

      There is no indication in the complaint that Corizon's alleged deliberate indifference to plaintiff's medical conditions resulted from an unconstitutional policy promulgated by Corizon. That is, there are no allegations demonstrating that plaintiff was denied or delayed treatment because of "a deliberate choice of a guiding principle or procedure made by the . . . official who has final authority regarding such matters." Likewise, plaintiff presents no facts showing "a continuing, widespread, persistent pattern of unconstitutional misconduct" by Corizon employees, or that Corizon officials were deliberately indifferent to such conduct, such as is necessary to support the existence of an unconstitutional custom. Thus, liberally construing the complaint, plaintiff's allegations against Corizon are subject to dismissal pursuant to § 1915(e)(2)(B) for failure to state a claim.

      As to defendant Dr. Doyle, plaintiff brought this action against him in his individual capacity only. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Merely listing a defendant in the caption is not sufficient to state a claim against that defendant. *See Krych v. Hvass*, 83 F.

App'x 854, 855 (8th Cir. 2003) (affirming dismissal of self-represented plaintiff's complaint against defendants who were merely listed as defendants in the complaint, but there were no allegations of constitutional harm against them).

While plaintiff complains about his post-surgery treatment and general denial of treatment, he does not present any facts to show how Dr. Doyle personally participated or was directly responsible for specific violations of his constitutional rights. "It is not enough to allege that [a] 'defendant[]' refused to treat his injuries. A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016); *see also Miles v. Corizon Healthcare*, 2019 WL 2085998, at *4 (E.D. Mo. May 13, 2019) (a general refusal to treat allegation, without any additional information, is nothing more than a conclusory statement and cannot suffice to state a cause of action under the Eighth Amendment). Plaintiff's allegations, without any additional facts, are simply too vague and conclusory to permit the inference that Dr. Doyle was deliberately indifferent to a serious medical need. Thus, liberally construing the complaint, plaintiff's allegation against Dr. Doyle in his individual capacity is subject to dismissal pursuant to § 1915(e)(2)(B) for failure to state a claim.

Even if plaintiff brought this action against defendant Dr. Doyle in his official capacity, his complaint would still be subject to dismissal. An official capacity claim against Dr. Doyle would actually be a claim against his employer. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Plaintiff states that Dr. Doyle is employed by Corizon. Thus, his official capacity claim would be against Corizon itself. In order to state a claim against Corizon, plaintiff must allege that there was a policy, custom, or official action that caused an actionable

injury. *Sander*, 984 F.2d at 975-76. As stated above, plaintiff has not presented any facts that he suffered his injury due to a "policy, custom, or official action" on the part of Corizon. Thus, liberally construing the complaint, plaintiff's allegation against Dr. Doyle in his official capacity would also be subject to dismissal pursuant to § 1915(e)(2)(B) for failure to state a claim.

Because plaintiff is self-represented, the Court will permit him to file an amended complaint to attempt to cure his pleading deficiencies.

### Instructions on Amending the Complaint

In consideration of plaintiff's self-represented status, the Court will allow him to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

8

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. **In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant.** *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff must not try to amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

## Motion to Appoint Counsel

Plaintiff has filed two motions to appoint counsel. (ECF Nos. 3, 8). In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will therefore deny the motions without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $36.27 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel (ECF Nos. 3, 8) are **DENIED** at this time.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 7th day of July, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE